Smith v. Tate.

---

## SMITH ET AL. v. TATE ET AL.

[No. 4,311.　Filed January 27, 1903.]

APPEAL AND ERROR.—*Motions.*—*Bill of Exceptions.*—No question is presented on appeal upon the action of the court in striking out parts of the complaint and certain interrogatories, where the interrogatories and parts of the complaint stricken out are not set forth in a bill of exceptions.　*p. 370.*

SAME.—*Evidence.*—*Exception.*—*Offer to Prove.*—No question is presented for review upon an exception to the ruling of the court in sustaining an objection to a question asked a witness, where no offer to prove was made.　*p. 371.*

SAME.—*Exception to Judgment.*—A mere exception to a judgment does not present any question on appeal.　*p. 371.*

PLEADING.—*Exhibit.*—*Fraudulent Conveyance.*—A description of the real estate is not the foundation of an action to set aside a conveyance as fraudulent, and the description thereof in an exhibit can not be considered in determining the sufficiency of the complaint.　*p. 371.*

FRAUDULENT CONVEYANCE.—*Pleading.*—A complaint to set aside a conveyance as fraudulent alleging that at the date of the judg-

ment sought to be enforced the judgment debtor was the owner in fee of the real estate, and that the same is now held in trust for his use and benefit, states no cause of action. *pp. 371, 372.*

MECHANIC'S LIEN.—*Debtor in Failing Circumstances.—Enforcement of Lien.*—The provision §7255 Burns 1894, giving to certain persons and claims a preference without the filing of the notice of the lien, does not extend the time for enforcing the lien beyond one year as required by §7259 Burns 1894. *pp. 373, 374.*

From Greene Circuit Court; *O. B. Harris,* Judge.

Action by Joseph G. Smith and others against Lewis C. Tate and others. From a judgment in favor of defendants, plaintiffs appeal. *Affirmed.*

*W. F. Gallemore,* for appellants.

*C. E. Davis, W. L. Cavins* and *C. E. Henderson,* for appellees.

COMSTOCK, J.—Appellants were plaintiffs below. The amended complaint is in three paragraphs. The first paragraph substantially alleges that they, as assignees of Marrion E. Tolen, obtained judgment against appellee Lewis C. Tate before a justice of the peace for $54.98, for wages due from Tate to Tolen as a laborer and mechanic, which judgment is owned by appellants, and is in full force, and unpaid; that appellees, Clara A. Tate and Simon Lehman, at the date the judgment was rendered, ever since and now claim to own all of Lewis C. Tate's property subject to execution, which claim is without right, and they are made parties to answer as to their interests, a bill of particulars of which property is filed therewith as exhibit A. Appellants demand judgment for $100 against Lewis C. Tate, and ask that it be declared a first lien on all said property as against all the appellees,.and that it be ordered sold to pay said debt.

The second paragraph substantially alleges: That in May, 1899, appellants recovered before a justice of the peace a judgment against Lewis C. Tate for $54.98 on a note executed by Murphy and Lehman, May 11, 1895, due one year from date, payable to Lewis C. Tate, and indorsed

Smith v. Tate.

by him in June, 1895, to Marrion E. Tolen and appellant
Gallemore, to pay wages due Tolen, and attorney's fees, due
Gallemore,—Tolen's interest therein being assigned to ap-
pellants, Joseph G. Smith and Oscar Smith, September 28,
1895,—which judgment the appellants are the owners of,
and which remains in full force and effect; that an execu-
tion was issued on said judgment and delivered to a con-
stable May 29, 1899; that at the time the wages were due,
the note indorsed by Lewis C. Tate, the judgment rendered,
and the execution issued, Lewis C. Tate was, ever since has
been, and is now, the rightful owner of the personal prop-
erty set out in the bill of particulars filed herewith, marked
exhibit A; that at all times mentioned in the complaint
Lewis C. Tate was and is the rightful and equitable owner
in fee of a certain lot (describing it) ; that all said personal
and real estate is held in the name of Clara A. Tate and
Simon Lehman, in trust for the benefit of Lewis C. Tate,
and was at the issuing of said execution, ever since, and
at this time, claimed by Clara A. Tate and Simon Lehman.
They are made defendants to answer to their interests;
that after said judgment was rendered, Lewis C. Tate, for
the purpose of hindering and defrauding his creditors in
the collection of said debt and judgment, transferred and
pledged all his personal property to Clara A. Tate and Si-
mon Lehman, without any consideration therefor; that in
the year 1899, said Lewis caused said real estate to be con-
veyed to his wife, Clara A. Tate, without any consideration;
that at the time of the transfer of said personal property and
the conveyance of said real estate, said Clara A. Tate and
Simon Lehman had full knowledge of the fraudulent in-
tent and insolvency of Lewis C. Tate; that Lewis C. Tate
ever since, and now has full control, use, and possession
of all said personal property and real estate; that at the
dates of the transfer of said personal property and the con-
veyance of said real estate he was, and has ever since re-

mained, wholly insolvent, with no other property subject to execution; that there is due on said judgment $75, and $75 as attorney's fees for collecting, etc.

The third paragraph is substantially the same as the second, relating to the judgment before the justice of the peace. It is further averred that at the date the work was done and the note indorsed, and ever since said dates, and at this time, Lewis C. Tate was in failing circumstances, and with no property subject to execution; that at said dates he was and is the owner of machinery, tools, materials, finished and unfinished work, in and about his shop, the Bloomfield Marble Works, and of notes, contracts, claims, and property received as an income therefrom, a list of which is filed as exhibit B, and made a part of the said paragraph; that appellants are the owners of said judgment, which was taken for wages due for a labor debt, as aforesaid, and that it is due. The appellants ask to be subrogated to all the rights of Marrion E. Tolen as assignee of said labor debt.

Upon the trial of the cause by the court, judgment was rendered in favor of appellants against Lewis C. Tate for $69.50, and in favor of appellees, Clara A. Tate and Simon Lehman, for costs against the appellants.

It is claimed that the court erred in striking out interrogatories one to twenty-six addressed by appellants to appellee Lewis C. Tate, to be answered on oath. It is also insisted that the court erred in sustaining the motion of appellee Lewis C. Tate to strike out certain parts of the amended complaint. Exceptions were taken to these rulings, and bill of exception filed, but the interrogatories and parts of the complaint said to have been stricken out are not set forth in any bill of exceptions. It must therefore be held, as contended by appellee, that the questions attempted to be raised on these rulings are not presented by the record.

Appellants propounded to William F. Gallemore, a wit-

Smith *v.* Tate.

ness called in their behalf, seven interrogatories, to each of which the court sustained objection. It is claimed that this was error. Appellants excepted to the ruling, but did not at any time state to the court the facts they expected to elicit in answer to said questions. Therefore no question is presented upon this ruling. *Lauter* v. *Duckworth,* 19 Ind. App. 535, and cases cited.

Judgment was rendered against Lewis C. Tate for $69.50, without relief from valuation or appraisement laws. Appellants argue that the claim and judgment sued on were for the wages of a laborer and mechanic, and as appellants are assignees of the claim, that judgment should have been rendered without the benefit of exemption laws. It is also insisted that the judgment was too small. No motion was made to modify the judgment in any manner. A mere exception to a judgment does not present any reversible error upon appeal. Elliott, App. Proc., §§345, 796; *Duzan* v. *Myers, ante,* 227.

Appellants contend that the first and second paragraphs of the complaint are sufficient against appellees, Clara A. Tate and Simon Lehman, to require them to answer the charge of fraudulent conveyance to them of certain property specifically set out in exhibit A, made a part of each of said paragraphs.

The first paragraph simply charges that said Clara A. Tate and Simon Lehman, at the date of the judgment and ever since, have claimed to be the owners of all of Lewis C. Tate's property subject to execution. It is not averred that appellee Lewis C. Tate transferred or conveyed any property to appellees, Clara A. Tate and said Simon Lehman. No description of any property is given. Reference is made to an exhibit. It is not the foundation of this action, and can not be considered in determining the sufficiency of the complaint.

In the second paragraph it is alleged that Lewis C. Tate transferred and pledged all of said personal property to

Clara A. Tate and Simon Lehman, without any considera-
tion therefor.    The only description of the personal prop-
erty is by reference to the exhibit also attempted to be made
a part of said first paragraph.    This paragraph avers that
at the date of the judgment, Lewis was the rightful and
equitable owner in fee of the west half of lot No. 18, in
the original plat of the town of Bloomfield, Indiana, all of
which personal and real estate is held in trust for the use
and benefit of said Lewis.    If Lewis remained the owner
of the real estate his interest could be sold without setting
aside the conveyance.    There is no allegation that Lewis
conveyed said lot, although it is alleged that after the ren-
dition of the judgment he caused said lot to be conveyed
to his wife, Clara A. Tate, who paid no consideration
therefor.

The third paragraph of appellants' amended complaint,
as stated in appellants' brief, is under §7255 Burns 1894,
as amended by the acts of March 9, 1889, which gives all
laborers and mechanics a first lien and preferred debt on
all machinery, tools, stock of material, work finished and
unfinished, located in and about the shop of appellee Lewis
C. Tate, where the firm or person employing such labor or
mechanic is in failing circumstances.    Prior to the act of
March 9, 1889, all persons who had dealings with a firm,
person, or corporation, in failing circumstances, took the
property purchased of such person with notice that all
laborers and mechanics had sixty days from the date of
completing the work to file their notice of liens on such
property, and enforce their claim.    By the amending act
of March, 1899, amending §7255, *supra,* the time for filing
notice of lien by a laborer and mechanic was extended the
length of the statute of limitations for enforcing the same
without filing any notice.    In all cases of persons and firms
in failing circumstances, actions of laborers and mechanics
can be brought at any time, so they are brought within the

statute of limitations in the particular class of cases to which they belong.

As to all the paragraphs we think it may be fairly said that they are upon the theory that Tolen, as a mechanic, had a lien on the property of Tate, and that his taking of a note which was worthless was no payment, and that the lien followed the note, and later the judgment, and that appellants were entitled to have judgment for a specific lien to satisfy the same. These paragraphs are not sufficient, upon any theory, against Clara A. Tate and Simon Lehman. The laborer himself is not attempting to enforce the lien. The assignment of the debt for which a lien has been taken carries with it the lien which is a mere incident of the debt. *Trueblood* v. *Shellhouse,* 19 Ind. App. 91, and cases cited.

Appellants are not seeking to enforce a lien acquired by a mechanic or material man. There are cases in this State which hold that the mere right given by statute to a mechanic, laborer, or material man to create a lien may be assigned by him, so as to clothe the assignee with a power to create a lien for himself. *Midland R. Co.* v. *Wilcox,* 122 Ind. 84; *McElwaine* v. *Hosey,* 135 Ind. 481. But if we concede that the assignee of a debt for work and material may create a lien therefor for himself, still it must be done within the time fixed by the statute. The wages for which the note was given were earned and due June, 1895. The judgment before the justice of the peace was rendered in May, 1899. The case at bar was commenced in September, 1899. Under the mechanic's lien act (§7257 Burns 1894, §5295 Horner 1897), one who seeks to acquire a mechanic's lien must file notice in the recorder's office of the proper county "within sixty days after performing such labor or furnishing such materials." Under §7259 Burns 1894, §5298 Horner 1897, such claim must be enforced by filing his complaint in the proper court within one year from the time said notice has been filed.

The provisions of §7255 Burns 1894, §5293 Horner 1897, giving to certain persons and claims a preference without the filing of the notice of lien does not extend the time for enforcing the lien. The demurrers were properly sustained. It follows that the judgment is not, as claimed by appellants, contrary to law.

Appellees insist that the judgment should be affirmed, upon grounds additional to those stated in this opinion. It is not necessary to consider them.

Judgment affirmed.

Roby, C. J.—I concur in the result.