(80 South. 666)

No. 23275.

STATE v. DELOVISIO.

(Dec. 2, 1918. Rehearing Denied Feb. 3, 1919.)

*(Syllabus by the Court.)*

OBSTRUCTING JUSTICE ⬤⟞4 — CONSTRUCTION OF STATUTE—"CRIMINAL CASE."

The words "criminal case," used in section 880, Rev. St., in providing for the punishment of bribing any witness in a criminal case, are not used in their technical or legal sense. They refer to any crime, offense, or misdemeanor. They embrace a violation of a penal ordinance.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Criminal Case or Cause.]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

Joe Delovisio was convicted of bribing one from appearing and testifying as a witness against himself and wife, in cases charging them with violation of an ordinance. His motion in arrest of judgment was sustained, and he was discharged from custody, and the State appeals. Reversed, and cause re-

144 LA.—16

manded to district court for judgment and sentence upon the verdict.

A. V. Coco, Atty. Gen., and J. Sheldon Toomer, Dist. Atty., and Griffin T. Hawkins, Jr., Asst. Dist. Atty., both of Lake Charles (Thomas W. Robertson, of New Orleans, of counsel), for the State.

Robert R. Stone, of Lake Charles, for appellee.

SOMMERVILLE, J. Defendant was charged with, and convicted of, having by bribery, force, threat, intimidation, and persuasion, attempted and endeavored to prevent one Bessie Kelly from appearing and testifying as a witness in behalf of the city of Lake Charles, La., against himself and against his wife, Mrs. Joe Delovisio, in two certain criminal cases, wherein Joe Delovisio was charged with keeping a blind tiger, in violation of Ordinance No. 12 of the city of Lake Charles.

The offense or crime charged is under section 880, R. S., which reads as follows:

"Whoever shall be convicted of bribery or attempting to bribe any witness, or by any force, or threat, or intimidation of any kind, or by persuasion, to prevent any witness in a criminal case, in any of the stages of prosecution, from making the oath in any order to obtain a warrant of arrest, to the final trial inclusive, from appearing or testifying as a witness, shall be sentenced to imprisonment at hard labor in the penitentiary, not less than one nor more than five years."

After conviction defendant filed a motion in arrest of judgment, alleging that the—

"violation of the city ordinance charged in the bill of information filed herein is not in truth and fact 'a criminal case,' and any attempt to bribe, or by force, or threat, or intimidation, or persuasion to prevent, a witness from testifying in any case arising under an infraction of a municipal ordinance is but a petty violation of the police regulation, and is not intended to be controlled, nor would attempt to bribe a witness, or by force, threat, or intimidation, or by persuasion to prevent any witness from testifying in any such case, come under the

control, or be considered an infraction of section 880 of the Revised Statutes," etc.

The motion in arrest of judgment was sustained, and defendant was discharged from custody. The state has appealed.

Defendant sets forth the question presented for determination in the following words:

"Is a violation of a municipal ordinance in Louisiana 'a criminal case,' in the sense that that term is used in section 880 of the Revised Statutes?"

It is contended by the defendant that an infraction of the law by the violation of a municipal ordinance which denounces the keeping of a blind tiger, which is also denounced by a state statute, is not a criminal case. The court has held to the contrary in the case of Dunson v. Baker, 144 La. 167, 80 South. 238, a civil suit sounding in damages for alleged malicious prosecution, this day decided. Therein the words "any offense, not capital," were used in the statute there under consideration. In that case, the plaintiff's minor son had been arrested for breaking the lock of the parish jail and liberating a prisoner therefrom, who had been confined therein for having violated a town ordinance. The offender, who had liberated the prisoner from the city jail, was charged with having violated section 864, R. S., which is, in part, as follows:

"Whoever shall by force, or without due authority, set at liberty any person in custody for an offense, not capital, shall, on conviction," etc.

We therein held that the term "any offense, not capital," included all crimes, not capital, including misdemeanors, violations of penal ordinances, etc., where the ordinance denounced a crime denounced by common law or statute. Monroe v. Meauer, 35 La. Ann. 1192; State v. Calhoun, 117 La. 84, 41 South. 360.

It is said in the Dunson Case that the object of the law as contained in section 864,

R. S., was to punish jail breaking and the liberating of prisoners by force. It is just as clear that the object of the law contained in section 880 is to punish bribery, etc., of witnesses in criminal cases. It is the bribery of witnesses, without regard to the nature or classification of the crime with which the person to be prosecuted is charged, that is made an offense. It is immaterial, under the law, whether the offense of the person to be prosecuted was against the state, or the parish or municipality. If one bribes, or attempts to bribe, a witness in a criminal case, he violates section 880 of the Revised Statutes.

The words "a criminal case" are used in their ordinary, and not in a technical or legal, sense. They are not limited to the violation of a state statute only. They embrace all cases of a criminal nature whether they are before a justice of the peace or the district court, and whether the offense charged is a misdemeanor or a crime. And this has been held to be specially true of a municipal ordinance, which denounces the same offense denounced in a state statute. 8 R. C. L. § 4, p. 53; McQuillin, § 304; Dillon (4th Ed.) §§ 411, 432.

The Constitution (article 126), in defining, the jurisdiction of justices of the peace, provides in part, that—

"They shall have criminal jurisdiction as committing magistrates, and shall have power to bail or discharge in cases not capital or necessarily punishable at hard labor. The General Assembly may by general or special laws invest justices of the peace in general or in any particular parish or parishes with criminal jurisdiction over misdemeanors to be tried with a jury composed of not more than five nor less than three persons," etc.

Justices of the peace have criminal jurisdiction conferred upon them in the Constitution; their jurisdiction extends to criminal cases in acting as committing magistrates.

The law gives to municipalities the power

to make all needful regulations necessary for the preservation of good order and the peace of the municipality; to prohibit and suppress tippling shops, saloons, dramshops, all disorderly practices, including the keeping of blind tigers; and to pass and enforce all ordinances by fine or imprisonment, or both. Section 15, pars. 13, 26, and 31, Act 136 of 1898, pp. 230, 231, and 232.

And in cities like Lake Charles justices of the peace have been superseded by city courts, which have civil and "criminal jurisdiction" "for the trial of cases not punishable by imprisonment at hard labor," as well as violations of municipal and parochial ordinances. Section 29, Act 136 of 1898, p. 238.

The "criminal jurisdiction" conferred upon city courts constitutes them criminal courts, in addition to their civil jurisdiction, and the offenses therein tried are "criminal cases," where they are denounced by penal statutes and ordinances.

In those cases where jeopardy was discussed in connection with punishment for offenses against state statutes and municipal ordinances, which were alike in their provisions, the court classed them as separate and distinct "offenses"—one against the state, and the other against a municipal government.

The words "a criminal case," used in section 880, R. S., refer to a case of a criminal nature, triable in a court with criminal jurisdiction whether the case be under a penal statute or a penal ordinance, where the offense has been denounced by statute and ordinance.

There was error on the part of the district judge in arresting the judgment which should have followed the verdict of guilty.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered that this case be remanded to the district court to be there proceeded with in accordance with law, and for judgment and sentence upon the verdict of the jury.

O'NIELL, J., concurs in the decree.