(80 South. 238)

No. 21628.

DUNSON v. BAKER.

(Dec. 4, 1918.)

*(Syllabus by Editorial Staff.)*

1. ACTION ⊜⟳52—ACCUMULATION OF CAUSES OF ACTION—EXEMPLARY DAMAGES—RECOVERY.

An injured person is not entitled to recover any damages, except adequate damages for his injury and loss, and no law authorizes the accumulation, in damage cases, of a civil action for redress of a private wrong with a quasi criminal prosecution, solely to increase compensatory damages by exemplary damages.

2. RESCUE ⊜⟳1—AIDING ESCAPE—STATUTE—"OFFENSE."

Under Rev. St. § 864, providing a punishment for forcibly and without due authority setting at liberty a person in custody for any offense, not capital, the word "offense" is not limited to a crime against state, but includes violation of a penal ordinance of a city or town; that word, in its ordinary sense, meaning an infraction of the law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Offense.]

3. ARREST ⊜⟳63(3)—FELONY—ARREST WITHOUT WARRANT.

The mayor of a town might cause an arrest without warrant for the alleged commission of a felony, committed almost in his very presence.

4. ARREST ⊜⟳64—RIGHT OF CITIZEN—SUSPICION OF FELONY.

A citizen may arrest on reasonable suspicion of a felony, but must not only make out a reasonable ground of suspicion, but must further show that a felony has actually been committed.

5. ARREST ⊜⟳63(4)—RIGHT OF OFFICER.

An officer who has reasonable grounds to suspect that a felony has been committed may detain the suspected party until inquiry may be made.

6. FALSE IMPRISONMENT ⊜⟳13—WRONGFUL ARREST—PROBABLE CAUSE.

Damages will not be allowed for an arrest without a warrant, where the prosecuting officer acted in good faith and with probable cause to suspect that a felony has been committed.

7. FALSE IMPRISONMENT ⊜⟳4—MALICE—GOOD FAITH.

Where no malice on the part of defendant, the mayor of a town, in causing arrest of plaintiff's son for jail breaking, was shown, and the mayor acted in good faith, plaintiff's demand for damages in behalf of his son was properly rejected.

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

Action by C. E. Dunson, in behalf of his minor son, against R. B. Baker. Exception of no cause of action sustained to the damages for malicious prosecution, and plaintiff appeals. Affirmed.

Foster, Looney & Wilkinson, of Shreveport, for appellant.

Blanchard, Smith & Palmer, of Shreveport, for appellee.

SOMMERVILLE, J. Plaintiff prosecutes this appeal from a judgment against him dismissing a demand in damages, filed by him on behalf of his minor son, age 20 years. He alleges that his son was arrested illegally on two occasions by the order of the defendant, who was the mayor of the town of Vivian; that the arrests and imprisonment were malicious and illegal; and that he was cruelly and unjustifiably treated while under arrest, at the instance of defendant. He asks for judgment in the sum of $1,500 actual damages, and $1,500 exemplary damages.

An exception of no cause of action was sustained to the claim for damages for malicious prosecution. It should also have been sustained to that portion of the claim for exemplary damages.

[1] An injured person is not entitled to recover anything under the laws of this state, in the way of damages, except adequate indemnity for the injury and loss inflicted upon him in mind, body, or estate. There is no provision in our system of law which authorizes the accumulation, in damage cases, of a civil action for the redress of a private wrong with a quasi criminal prosecution for the assumed benefit of the public; the sole purpose and principal effect of which is to increase the indemnity recovered by the plaintiff as actual, compensatory damages by the addition of the pecuniary penalties imposed as exemplary, punitive, or vindictive damages. Vincent v. Morgan, Louisiana & Texas Railroad & Steamship Co., 140 La. 1027, 74 South. 541.

[2] Plaintiff's son was arrested, in the first instance, on the order of the defendant, the mayor of the town of Vivian, for having broken into the town jail and set at liberty a prisoner, who had been placed in custody for violating a town ordinance, under section 864, R. S., which is, in part, as follows:

"Whoever shall, by force or without due authority, set at liberty any person in custody for any offense not capital, shall on conviction," etc.

That section follows two other sections referring to those who set at liberty persons in custody for capital offenses.

Plaintiff contends that the word "offense" in section 864, R. S., means a crime against the state, and not the violation of a city or town ordinance penal in its nature; and that he was illegally arrested under the section, as the person whom he was charged with having liberated had been jailed for violating a town ordinance denouncing the carrying of concealed weapons, which offense is also denounced by a state statute.

The object of the law is to punish jail breaking and the liberating of prisoners by force, or without authority. The law is not concerned with the nature of the crime, offense, or misdemeanor with which the person liberated was charged, provided his offense was not capital. It is immaterial, under the law, whether his offense was against the state, or the state and a municipality. If one is in custody for any offense denounced by statute, not capital, and he is set at liberty by any one without authority to so act, the one so acting violates section 864.

The word "offense" in the section is there used in its ordinary, and not in a technical or legal, sense. It means an infraction of the law. The word is indiscriminately used for indictable crimes and for misdemeanors. Generally, it includes every act or omission for which a fine, forfeiture, or punishment is imposed by law. The objection was properly disposed of.

A similar ruling was made in the case of State v. Delovisio, 80 South. 666,[1] this day

---

[1] Post, p. 481.

decided. The act complained of is the arrest, without warrant, of Horace Dunson, the 20 year old son of the plaintiff, by the defendant, the mayor of the town, charging him with having committed a felony; that is, with breaking the lock of the parish jail and liberating Ben Posy, who was in jail for having violated a police ordinance, penal in its nature, enacted for the preservation of public order, and in terms similar to a state statute.

The defendant mayor was charged with the enforcement of the law, and to cause the arrest of persons whom he had reasonable grounds to suspect of having committed felonies.

The defendant saw Horace Dunson during the day of his arrest, and he suspected, from his actions and his associate, a female friend of Posy, that he would attempt to liberate Posy, who had been convicted, under a town ordinance, of carrying a concealed weapon, from jail. Dunson by his conduct invited suspicion to himself. Defendant cautioned a watchman to be on the lookout for Dunson, and to prevent him breaking into the jail. Later, he was told by a reliable party that he had seen Dunson break the lock on the door of the jail, open the door, and liberate Posy.

Dunson openly committed a breach of the peace, and he was subject to arrest. Defendant knew these things; it was his duty to have Dunson arrested; and he had him arrested. There was probable cause for the arrest of Dunson.

[3] Plaintiff complains that his son was arrested without a warrant. He was arrested for the alleged commission of a felony, committed almost in the very presence of the mayor, and the latter had the right to make the arrest without a warrant. 3 Cyc. 881, 882; Leger v. Warren, 62 Ohio St. 500, 57 N. E. 506, 51 L. R. A. 203, 78 Am. St. Rep. 738.

[4-6] A citizen may arrest on reasonable suspicion of a felony. But in such case he must not only make out a reasonable ground of suspicion, but he must prove that a felony has actually been committed. Whereas, an officer who has reasonable grounds to suspect that a felony has been committed may detain the party until inquiry may be made. Damages will not be allowed where the prosecuting officer acted in good faith and with probable cause. O'Malley v. Whitaker, 118 La. 914, 43 South. 545; Boutte v. Emmer, 43 La. Ann. 980, 9 South. 921, 15 L. R. A. 63.

[7] Plaintiff complains of alleged ill treatment of his son while under arrest a second time at the alleged instigation of defendant. This second arrest was on Monday morning following the arrest made on the previous Saturday night, and was for the same offense of liberating a prisoner from custody.

Plaintiff says that defendant caused the second arrest, and that he instructed the town marshal to handcuff the accused and take him to Shreveport and prefer charges against him. The evidence is quite clear that defendant did not order the accused to be handcuffed, or to be mistreated in any way. It shows that the marshal acted upon his own judgment in handcuffing the accused. Defendant recognized that he, or the justice of the peace, was without authority to try the accused for the alleged commission of a felony, and he so informed the marshal. Defendant therefore ordered the second arrest after the accused had been released on bond by him on Saturday night, but it does not show that defendant ordered the marshal to take young Dunson to Shreveport.

No malice on the part of the defendant has been shown. He acted in good faith, and the demand for damages was properly rejected.

The judgment appealed from is affirmed.

O'NIELL, J., concurs in the decree.