(102 So. 428)

No. 24694.

## JANSSEN CATERING CO. v. ABADIE.

(Dec. 1, 1924.)

*(Syllabus by Editorial Staff.)*

I. Sales ⬅176(5)—Buyer's reconventional demand properly rejected where property accepted and used without complaint for more than 30 days.

In action for price of restaurant equipment, buyer's reconventional demand was properly rejected, where he accepted premises and equipment in condition in which they were without complaint and used same for more than 30 days.

2. Damages ⬅87(1)—Punitive damages not allowed.

The laws of Louisiana and present rule of jurisprudence do not allow recovery of punitive damages.

Appeal from Civil District Court, Parish of Orleans; Wynne G. Rogers, Judge.

Action by the Janssen Catering Company against Lawrence A. Abadie. Judgment for plaintiff, and defendant appeals. Affirmed.

Lazarus, Michel & Lazarus and Emile Pomes, all of New Orleans, for appellant.

J. M. Quintero and John C. Davey, both of New Orleans, for appellee.

THOMPSON, J. This case presents solely an issue of fact. The suit is for $4,366, less a credit of $297.50, being the price of certain goods, wares, and merchandise sold by the plaintiff to the defendant and situated at the time of delivery, which was on October 1, 1919, in the building at No. 120 Royal street, this city.

The sale of the property was evidenced by two written contracts signed by the plaintiff and the defendant and which contracts contained a description of the property sold with the price of each article stated separately and specifically.

The evidence abundantly, if not conclusively, establishes that the defendant at the time of signing the contract, or shortly thereafter, accepted delivery of the property after a thorough examination and inspection by his duly authorized manager. The sale was a cash sale, that is to say, the price was to be paid by the defendant at the time of delivery, but the plaintiff indulged the defendant and made no demand for payment until the first of the month following the sale.

During this 30 days or more, the defendant used the property and made no complaint to the plaintiff as to his failure to get all that he purchased, or that the property was not what he bought, or was not as represented, except as shall hereafter be referred to.

The only reason alleged by the defendant for his refusal to pay the price when it was demanded of him is that a roll heater which was included in the sale at $100 was taken out of the premises and replaced with an old heater which was absolutely useless and necessitated the buying of a new heater by the defendant. The evidence of the plaintiff is to the effect that the heater in the building was not included in the sale, and that it was understood that he was to remove the heater and to deliver another larger and much better one at the same price; that he did remove the heater and did deliver the

other one. The contention of the defendant was sustained by the court, and he was allowed a credit of $100 on the judgment upon returning to the plaintiff the heater which defendant refused to accept. The defendant is therefore without cause for further complaint on that score.

It appears that the place No. 120 Royal street was occupied by the plaintiff as a restaurant, but that the defendant leased the premises to be used for the same purpose for a term beginning October 1, 1919. The purchase by the defendant did not include all the equipment which the plaintiff had in the building, but only such as was specifically described. The balance the plaintiff reserved and had the legal right to remove.

The removal of certain parts of the equipment in some instances required detachment or severance of piping and the electric wiring, but beyond this the premises and the equipment which was sold to the defendant were delivered in good condition, and there was no complaint made by the defendant of the bad condition in which the premises and equipment were left by plaintiff when it moved out and delivered the equipment to the defendant.

[1] Having accepted the premises and the equipment in the condition in which they were without complaint, and having used the same for more than 30 days, the defendant is without just cause and is entirely too late to complain for the first time when sued for the purchase price of the property. His reconventional demand was properly rejected by the trial court.

[2] The same may be said as to the claim of $3,000 as punitive damages. The laws of Louisiana and the present rule of jurisprudence do not allow recovery of punitive damages. Vincent v. Morgan's R. Co., 140 La. 1027, 74 So. 541; Howell v. V. S. & P. R. R. Co., 144 La. 428, 80 So. 613; Dunson v. Baker, 144 La. 167, 80 So. 238.

We find no error in the judgment appealed from, and the same is affirmed, at appellant's cost.

ROGERS, J., recused.