### No. 9653.
### Orleans Appeal.

---

### JOHN C. CLAVERIE v. WILLIAM A. LORENZ ET AL.

---

(February 16, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Damages—Par. 12, 13 14, 15.**

Punitive or exemplary damages are not recoverable under the jurisprudence of this State.

(Civil Code, Art. 2315. Editor's note.) Trenchard vs. Central Laundry Co., 154 La. 1003, 98 South. 558; and Mundy vs. Phillips et al., 157 La. 445, 102 South. 519.

2. **Louisiana Digest—Courts—Par. 119.**

Where—as against defendants charged with illegal removal and detention of property, an action *ex delicto*, coupled with sequestration proceedings, is filed in the Civil District Court, is brought by one of the members of a partnership, in his own name and for recovery on his own behalf of punitory damages, and also for sequestration and recovery on his own behalf of property declared in the petition to be that of the partnership and valued at $338.85, and sequestration of certain other property claimed as his own, but valued only at $36.55—exceptions of no cause of action and of want of jurisdiction *ratione materiae* are properly maintained.

Appeal from Civil District Court for the Parish of Orleans, Division "E", Hon. Wynne G. Rogers, Judge.

This is a sequestration suit to recover punitory damages for unlawful entry and removal of goods. Exceptions of no cause of action and want of jurisdiction were sustained and plaintiff appealed.

Judgment affirmed.

J. B. Rosser, attorney for plaintiff and appellant.

J. D. Dresner, attorney for defendant and appellee.

BELL, J. Plaintiff sues defendants herein for punitory damages which he claims to have suffered because of the unlawful entry of defendants upon his property and because of the removal of them of certain movables, consisting of property belonging to a partnership of which the plaintiff and one of the defendants are members, which property is valued at $338.55, and because of the removal of other property belonging only to plaintiff, and valued by him at the sum of $36.55. The suit is coupled with sequestration proceedings, the plaintiff praying therein that both the partnership property and his own property be seized and ultimately, by judgment of court, returned to him only. Paragraph 6 of plaintiff's petition reads as follows:

"That petitioner is entitled to punitory damages from the said William A. Lorenz and said William Lorenz, as joint *tort feasors, in solido*, for their illegal act in breaking into, entering and trespassing upon and taking from petitioner's said premises his said property, as well as the property of the said firm, of which he was legally in possession, in the sum of $5,000.00."

The prayer of the petition is for damages in the sum of $5,000.00 and for a writ of sequestration, directed according to law, sequestering the movable property described in the petition, and for the perpetuation of the writ of sequestration, and for the restoring to plaintiff of all of said described movable property, and for all costs, and general and equitable relief.

The defendants have excepted to the petition on the ground that same discloses no cause of action, that the court is without urisdiction of the subject matter, that there is a misjoinder of parties and of causes of

action, and that the court is without juris-diction *ratione materiae.*

After due trial of the exceptions herein filed, the trial court rendered the following judgment:

."For the reasons orally assigned, the court, considering that the law and evidence justifies this judgment,

"It is ordered, adjudged and decreed that the exceptions of no cause of action herein filed by defendants, William A. Lorenz, Sr., and William A. Lorenz, Jr., to plaintiff's claim for the return of partnership property valued at $338.85 be maintained, and also the exception of want of jurisdiction *ratione materiae* to the claim for the return of the property valued at $36.55, belonging to petitioner, and, accordingly, the demand of the plaintiff, John C. Claverie, be dismissed at his costs."

The claim of plaintiff in these proceedings for recovery of punitory damages is properly met by the exception of no cause of action, herein filed. It has been the jurisprudence of this State since the ruling in Vincent et ux. vs. Morgan's L. & T. R. R. & S. S. Co., 140 La. 1027, 74 South. 541; (March 12, 1917), that punitory damages in a civil action cannot be recovered. Later decisions to this effect are found in Vincent vs. Morgan's Louisiana & T. R. & S. S. Co., 140 La. 1038, 74 South. 541; Dunson vs. Baker, 144 La. 167, 80 South. 238; Brian vs. Harper, 144 La. 585, 80 South. 885; Mente & Co. vs. Kaplan, 146 La. 678. The most recent pronouncement of this doctrine is found in the case of Janssen Catering Co. vs. Abadie, 157 La. 357, 102 South. 428. (See also Metcalf vs. Bardier, 7943 Orl. App.; writ denied April 5, 1921.)

The plaintiff has obtained in his own name writs of sequestration of property which he alleges to be that of a partnership of which he is a member. If the defendants, as alleged in the petition, have seized property belonging to the partnership, only the partnership or its members in behalf of the partnership, could have instituted these sequestration proceedings.

The relief herein sought by plaintiff through writs of sequestration, the issuance of which are invoked for the protection of his own property, which he declares to be valued only in the amount of $36.55, cannot be granted him in the Civil District Court, the amount involved being less than he jurisdictional amount of that court. The exception, therefore, of want of jurisdiction *ratione materiae* has been properly maintained.

We find no error in the judgment of the District Court and same should be affirmed.

It is, therefore, ordered that the judgment appealed from herein be and the same is hereby affirmed, at plaintiff's costs in both courts.