## No. 2435

### Second Circuit

---

## GIRLINGHOUSE v. ZWAHLEN

---

(February 8, 1926, Opinion and Decree)
(March 11, 1926, Rehearing Refused)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest — Arrest—Par. 16; False Arrest—Par. 1.

Where one does not willingly submit himself to the orders and control of another, but does so in fear of the consequences which would follow a refusal to submit, which fear was reasonably well grounded by the conduct of the other, he is under arrest.

2. Louisiana Digest — Arrest—Par. 21; False Arrest—Par. 3.

The law does not permit a private citizen to deprive another of his liberty without a warrant when the person arrested is engaged in an act which could constitute at most an element of a misdemeanor.

3. Louisiana Digest—False Arrest—Par. 10; Appeal—Par. 625, 630.

The quantum of damages allowed by the trial court for illegal arrest where clearly excessive are reduced.

4. Louisiana Digest—False Arrest—Par. 7.

Because an officer makes an illegal arrest at the complaint of another party, the other party cannot be held responsible in damages therefor.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. Leven L. Hooe, Judge.

Action by Jesse T. Girlinghouse vs. Sam E. Zwahlen for damages for false arrest.

A reconventional demand was filed.

There was judgment for plaintiff rejecting the reconventional demand and defendant appealed.

Judgment amended and affirmed.

Peterman, Dear & Peterman, of Alexandria, attorneys for plaintiff, appellee.

Overton & Hunter, of Alexandria, attorneys for defendant, appellant.

WEBB, J.  In this cause the plaintiff, Jesse T. Girlinghouse, seeks to recover judgment against defendant, Sam E. Zwahlen, in the sum of two thousand dollars, damages alleged to have been sustained by him, resulting from an alleged false arrest, assault and false imprisonment, committed against him by the defendant on August 26, 1924, and defendant, by reconventional demand, claims a like amount of plaintiff for an alleged illegal arrest and false imprisonment on the same date, alleged to have been brought

about by the plaintiff in making an affidavit against defendant charging him with impersonating an officer.

The district court rendered judgment in favor of plaintiff for two hundred and fifty dollars, and rejected defendant's reconventional demand.

The defendant appealed, and plaintiff answered the appeal, asking that the judgment in his favor be amended so as to allow him a greater amount, and otherwise affirmed.

### PLAINTIFF'S CASE

The questions presented for decision under the pleadings and evidence are:

1st. Was plaintiff arrested, assaulted and imprisoned by defendant?

2nd. If he was arrested and imprisoned, were the arrest and imprisonment illegal?

3rd. If the arrest and imprisonment were illegal, was there probable cause?

4th. The quantum of damages, if any.

Considering the evidence as it relates to the first and second questions, we find:

That the defendant, who was not an officer, lives in the city of Alexandria, and that he owns a tract of land which is not posted near Camp Beauregard, from which he knew someone was taking gravel; that on the morning of August 26, 1924, he drove out to his place in a Ford car, taking with him a revolver, for the purpose of apprehending the person who was taking the gravel, and finding plaintiff on the property with a truck, which he was loading with gravel, defendant, without a warrant, but with a show of authority, by placing his hand upon the revolver which he carried upon his person, informed him that he was going to take him to the sheriff's office at Alexandria; following which he ordered plaintiff to get into his (defendant's) automobile, thence took the road to Alexandria, ordering plaintiff to get out of the car on the way and ordering him back into the car, taking him by the arm, and thence to Alexandria to the sheriff's office, where he had him remain until the sheriff came.

That plaintiff did not willingly submit himself to defendant's orders and control, but did so in fear of the consequences which would follow a refusal to submit, which fear was reasonably well grounded by the conduct of defendant.

We are of the opinion that the facts show that defendant arrested plaintiff within the meaning of the law.

"An arrest is the seizing or detaining of the person of another by an act which indicates an intention to take him into custody, and which subjects the person arrested to the actual control of the person making the arrest."

Ruling Case Law, vol. 2, pg. 449.

Considering the above finding of facts and conclusion, and assuming that the act of plaintiff would have constituted one of the elements of an offense under the laws of this state, the questions as to whether the arrest was legal, and, if not, was there probable cause, are presented.

The defendant does not contend that the act of plaintiff could have been one of the elements of a felony under any statute of this state, but he argues that as the law clearly gives a right to the private citizen to arrest without a warrant in instances when a felony has been committed, that the same right should be given to one when he finds another injuring or appropriating his property, even though such act could only be an element of a misdemeanor. He cites no authority and we do not find any.

We are of the opinion that the right of the defendant to protect his property is offender.

Unquestionably, one who finds another very different from his right to arrest the injuring his property or appropriating it has, as an accessory of his ownership, the right to prevent such acts, using such force as may be reasonably necessary, and, if necesary, he could go so far as to detain the offender.

The defendant did not request plaintiff to unload the gravel, nor was his detention of plaintiff necessary for the purpose of preventing plaintiff from removing the gravel.

Arrest is a preliminary to a prosecution; it for the time being deprives the person arrested of his liberty; and the law does not permit a private citizen to deprive another of his liberty without a warrant when the person arrested is engaged in an act which could constitute at most an element of a misdemeanor.

Golibert vs. Sullivan, 66 N. E. 88; also Dunson vs. Baker, 144 La. 167, 80 South. 238.

We find that the arrest was illegal for the reasons stated, and conceding that the defendant may have thought that the plaintiff was removing the gravel, with consciousness of moral wrong, can this be pleaded as a defense to the action in damages?

We are of opinion that probable cause relates to a defense in those cases where the person making the arrest has reasonable grounds to assume that the person arrested has committed an offense for which he would have authority to make an arrest without warrant, but that it cannot be a defense where the person making the arrest without warrant would not be authorized to make the arrest even though the offense assumed had been or was in course of being committed.

As to the charges of assault and false imprisonment, it follows, the arrest being illegal, that any assault committed against or imprisonment of the person arrested, by the defendant would be illegal; but as we do not find that any actual physical injury was suffered by the plaintiff, and as the assault consisted merely in defendant taking plaintiff by the arm, and that the imprisonment which may have resulted from restraint of the person of plaintiff has been considered in determining whether or not there was an arrest, we are of the opinion that the matters may be properly considered on the question relating to the amount of damages.

The plaintiff contends that two hundred and fifty dolars is inadequate; citing Lange vs. Ill. Cent. R. R. Co., 107 La. 683, 31 South. 1003, where one thousand dollars was allowed in a case of malicious prosecution, while defendant claims that the allowance was too great, citing Pearson vs. Great Sou. Lumber Co., 134 La. 118, 63 South. 759, a case of false imprisonment where one hundred dollars was allowed; and Hunter vs. Laurent, 158 La. 278, 104 South. 747, where two hundred dollars was allowed in case of false imprisonment, in which the evidence established that the defendant had been incarcerated for several hours.

The rule is, of course, that the damages allowed should be compensatory, and in keeping with amounts allowed in analogous cases, but at last the question is entirely dependent upon the facts in each case.

Had the plaintiff been consciously guilty of moral wrong in going upon the defendant's property (which we think the evidence completely negatives) the amount allowed would be excessive; but the evidence showing that he had obtained authority from one whom he thought was authorized, and that he had an excellent reputation in the community, we can appreciate the contention that the allowance could not

compensate him for the humiliation suffered.

On the other hand, it must be conceded that defendant's right in the immovable property was absolute, and that plaintiff, as the result. has demonstrated, was indiscreet in going upon the property, with the consent of one who claimed to be the representative of defendant, but who is not shown to have had written authority.

The plaintiff is not, therefore, in the position to claim the amount of damages as might be the case where one is illegally taken into custody by a private person without warrant.

We are of the opinion that the amount of damages allowed plaintiff should be reduced to one hundred dollars.

## DEFENDANT'S CASE

The evidence shows that immediately following plaintiff's release he made an affidavit charging defendant with having "impersonating an officer" and with "carrying concealed weapons", upon which a warrant was issued and placed in the hands of the sheriff who telephoned defendant and had him come in to the sheriff's office and give bond.

Subsequently the defendant was tried on the charge of carrying concealed weapons and pled guilty and was fined.

The defendant's claim for damages is based upon the plaintiff's having charged him with "impersonating an officer", an offense unknown to our law.

The magistrate should not have issued the warrant for the arrest insofar as the charge of impersonating an officer was concerned. (Pillifugue vs. Judice, 134 La. 790). And plaintiff cannot be held responsible for the mistake of the officer.

We find that the judgment properly rejected defendant's reconventional demand.

It is therefore ordered, adjudged and de-creed that the judgment appealed from be amended by reducing the judgment in favor of plaintiff to one hundred dollars with legal interest from judicical demand, and as thus amended the judgment be affirmed.

Plaintiff to pay the costs of appeal.