No. 2317

Second Circuit

KNOX v. ALLEN

(April 10, 1926, Opinion and Decree)

(*Syllabus, by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 22.**

The capacity of one who appears in court as representative of another must be alleged, but where the parent appears claiming damages for injuries sustained by her minor child the capacity of the mother to recover in her representative capacity for the child is sufficiently stated by the words "as tutrix of the minor".

2. **Louisiana Digest—Damages—Par. 12.**

Punitive damages are not recoverable under the law of this state.

3. **Louisiana Digest—Damages—Par. 41, 89.**

The parent cannot recover damages for mental suffering humiliation and disgrace suffered by her as the result of an assault upon her child.

Appeal from the Second Judicial District Court of Louisiana, Parish of Claiborne, Hon. John S. Richardson, Judge.

Action by Mrs. Edna Knox, individually and as Tutrix against Harvey H. Allen. There were exceptions no cause of action filed which were sustained. Plaintiff appealed.

Judgment affirmed in regard to plaintiff Mrs. Edna Knox, individually but reversed for Mrs. Edna Knox as Tutrix of her minor child and case remanded to be proceeded with according to law.

Thomas W. Robertson, of Shreveport, and T. H. McEachern, of Homer, attorneys for plaintiff, appellant.

McClendon and Seale, of Homer, attorneys for defendant, appellee.

WEBB, J. In this case the plaintiff, Mrs. Edna Knox, alleges she is the widow of B. F. Knox and that since the death of her husband she has been appointed tutrix to her minor children issue of her marriage with B. F. Knox. That one of the children is Charles E. Knox, a youth past the age of fourteen years. She further alleges that H. H. Allen is indebted to petitioner in the sum of five thousand dollars, for this:

"That said Allen violently assaulted Charles Edward Knox, son of petitioner, and did beat, strike, assault and wound the said Charles Edward Knox * * * and that said assault was absolutely without justification, unprovoked, wanton, cruel and malicious and 'that said assault, beating and wounding was cruel and painful in the extreme to the said Charles Edward Knox, son of petitioner, and caused him as well as your petitioner great pain, suffering, mental and physical agony, mortification, humiliation and shame' and 'petitioner * * * shows that on account of said assault she is entitled to recover from defendant the sum of five hundred dollars * * * as aforesaid'.

"Item 1. $1,250.00 as tutrix for the use and benefit of the said minor, Charles Edward Knox, for actual physical and mental suffering because of said assault.

"Item 2. $500.00 for the use and benefit of said minor, Charles Edward Knox, for

public humiliation and mortification on account of said assault.

"Item 3. $750.00 for punitive and exemplary damages for the use and benefit of the said minor, Charles Edward Knox, making a total due your petitioner as tutrix of the said minor and for his use and benefit of the sum of twenty-five hundred ($2500.00) dollars.

"Item 4. For petitioner individually as the mother of the said Charles Edward Knox, for mental suffering, humiliation, and mortification and disgrace caused her by the said assault, the sum of twelve hundred and fifty ($1250.00) dollars.

"Item 5. Twelve hundred and fifty ($1250.00) dollars as exemplary and punitive damages due your petitioner as the mother of said minor and individually, making a further amount of twenty-five hundred ($2500.00) dollars due your petitioner individually from the said defendant."

Petitioner prays—

"* * * that she have and recover judgment against the said Harvey H. Allen, as hereinabove set forth, for the full and just sum of five thousand dollars * * * and all cost of suit and for all orders, etc., and general relief."

The defendant excepted as follows:

"Now into court through his undersigned counsel, comes Harvey H. Allen, made defendant in the above entitled and numbered cause, appearing solely for the purpose of this exception, and excepts to seeks to recover damages in behalf of the plaintiff's petition, insofar as the same minor, Charles Edward Knox, for the reason that it fails to disclose or allege a cause or right of action.

"Wherefore defendant prays that plaintiff's petition in behalf of the said minor be dismissed and that part of said petition filed in behalf of said minor, Charles Edward Knox, be stricken from the petition and considered as not written.

"Now into court through the undersigned counsel comes Harvey H. Allen, made defendant in the above entitled and numbered cause, appearing solely for the purpose of this exception, and excepts to plaintiff's petition, for the reason that same does not allege or disclose a cause or right of action.

"Wherefore defendant and exceptor prays that plaintiff's demands be rejected and this exception sustained."

The exceptions were tried, sustained and judgment signed dismissing the suit, from which plaintiff appealed.

OPINION

Viewing the exceptions, it appears the first is based upon the following assumptions:

1. That the action is by Mrs. Knox individually, and that she cannot recover damages for injuries received by her son.

2. That, "in event it is held that the action is by the mother in her representative capacity and for the use and benefit of her son, that the demand for punitive damages fails to state a cause or right of action.

And the second—

1. That the suit is brought by Mrs. Knox individually, and she cannot recover damages for injuries received by her son.

2. That she cannot recover damages for mental suffering, etc., sustained by her son by reason of the suffering and anguish of her son.

3. That the demand for punitive damages fails to state a cause or right of action.

## I.

(1) While there is no allegation in the petition which specifically joins the minor as a co-plaintiff, it is alleged that the plaintiff is the mother and tutirx of the minor, and it is conceded that as to items one, two and three recovery could be had by plaintiff only in her representative capacity, and as to these items the plaintiff alleges they are due to her as tutrix of the minor.

While there can be no doubt that the capacity of one who appears in court as the representative of another must be alleged, yet where the parent appears claiming damages resulting from injuries sustained by her minor child, which could be recovered by the parent only in her representative capacity, the court has looked to this fact in determining whether or not the parent appears individually or as representing the minor.

In Maille vs. Ill. Cent. R. R. Co., 121 La. 360, 46 South. 355, where the father appeared claiming damages resulting from injuries sustained by his son, and prayed for judgment individually, without having alleged that he appeared in his representative character, the court said:

"We entertain no doubt as to the action being one brought by the father of the child in that capacity for its use and benefit. Where a plaintiff bringing suit in a representative capacity joins individually as a co-plaintiff, it is usual for him to so declare. This was not done in this case. The prayer must be read in connection with the pleadings. The damages set out are declared to be the damages due the child. No others are mentioned."

This case was cited in Hanna vs. Otis, 151 La. 851, 92 South. 360, where the father had instituted suit to recover damages for an assault and battery committed against his minor son, asking for judgment in his favor for the account of his son, and where the damages were clearly such as could have been recovered by plaintiff only in his representative capacity.

The reasons assigned in the opinions cited we think are applicable where the plaintiff alleges that, she is the tutrix, and the damages sought to be recovered are declared to be those due the minor, or appear to be only such as could be recovered by the plaintiff in her representative capacity, and although the present case may be distinguished from the case cited, in that here, the plaintiff also seeks to recover damages which are alleged to have been sustained by her individually, however, we are of the opinion that as to items one, two and three, the petition, under a liberal construction, which appears to be the rule in such cases, shows that the plaintiff appears in her individual capacity.

(2) The demand for punitive damages is not supported by the jurisprudence of this state. (Serio vs. American Brewing Co., 141 La. 291, 74 South. 998; Jansen vs. Abadie, 157 La. 357, 102 South. 428, and authorities cited.)

## II.

(1) This is covered by the ruling above.

(2) The parent cannot recover damages for material suffering, humiliation and disgrace suffered by her as the result of an assault upon her child. (Sperier vs.

Ott, 116 La. 1087; Underwood vs. Gulf Mfg. Co., 128 La. 958, 55 South. 641.

(3) Punitive damages are not recoverable under the law of this state.

The petition shows that there are in fact two parties plaintiff, each claiming the right to recover damages which are separate and distinct, the minor represented by his tutrix, and mother, and the mother individually.

A cause of action is stated as to the minor, but the mother fails to state a cause of action, and considering the exceptions in a liberal manner, as the petition has been considered, we are of the opinion that items three, four and five of the petition should be stricken therefrom.

It is therefore ordered that the judgment appealed from be annulled, and that there be judgment sustaining the exceptions of no cause of action as to the claims set up by Mrs. Knox individually under items four and five of the petition, and that said items be stricken from the petition. and the exceptions as to the claim set up by the minor through his tutrix be overruled, except as to item three, as shown by the petition, and as to this, the exception be sustained and said item three be stricken from the petition, and that the cause be remanded to be proceeded with in accordance herewith and according to law.