205 So.2d 67 (1967)
Harry POST and S. J. McClendon
v.
Alfred RODRIGUE, Sr.
No. 2799.
Court of Appeal of Louisiana, Fourth Circuit.
December 4, 1967.
Rehearing Denied January 9, 1968.
*68 Leon C. Vial, III, Hahnville, for plaintiffs-appellees.
Rene R. Nicaud, New Orleans, for defendant-appellant.
Before SAMUEL, HALL and BARNETTE, JJ.
SAMUEL, Judge.
This is a suit for an injunction prohibiting the defendant from disturbing plaintiffs in their peaceful possession of premises he had subleased to them and for damages allegedly resulting from acts of trespass by defendant upon those premises. It was filed by the sublessees on September 26, 1962. Subsequently, on April 5, 1963, the sublessor filed a summary action for possession (see Rodrigue v. Post and McClendon, La.App., 205 So.2d 71), seeking to evict the sublessees from the leased premises on the ground that the sublease was null and void because it contained a potestative condition. That suit was converted from a summary *69 eviction action to one of ordinary process to annul the sublease; and, in accordance with a court order which they obtained, the sublessees deposited in the registry of the court the full amount of the monthly rental for the premises as the same accrued during the litigation. During the course of the trial the plaintiff-sublessor amended his petition to include a prayer for judgment for all such accrued rentals.
The two suits involve the same litigants, the same leased property (a portion of Providence Plantation in the Parish of St. Charles) and the same written sublease. Although the suits were not consolidated and were tried separately at different times by the same trial judge with separate judgments in each case being rendered on the same date, for the purpose of clarity and to avoid repetition this opinion will include a discussion and consideration of both cases and the appeals taken therein.
In the sublessor's converted action to annul, the judgment annulled and set aside the sublease and ordered the sublessees to vacate the property. However, the court found the sublessor had disturbed the sublessees in their peaceful possession of the leased premises by many trespasses and, on that ground alone, the judgment also ordered that the rental payments made by the sublessees and deposited in the registry of the court during the pendency of the suit be returned to the sublessees. The judgment further ordered that the costs of the suit be borne equally by the sublessor and the sublessees.
The judgment in the instant case, the suit by the sublessees for an injunction and for damages, denied injunctive relief as unnecessary, because the sublease had been annulled and set aside and the sublessees ordered to leave the premises by the judgment in the converted action to annul, and rejected the claim for damages on the ground that, although the court found the sublessor had committed many trespasses which disturbed the sublessees in their peaceful possession of the leased premises, the sublessees had failed to establish with sufficient certainty the amount of damages suffered thereby. As was done in the converted action to annul and for the same reason, that the sublessor had forfeited his right thereto by committing trespasses and disturbing the sublessees in their peaceful possession, the judgment also ordered the clerk of court to return to the sublessees all rental payments made by them and deposited in the court's registry during the pendency of the other suit. In addition, the judgment ordered that all costs be paid by the defendant-sublessor.
The sublessor has appealed suspensively from both judgments contending the same should be reversed only to the extent that: (1) he be awarded the accrued rent on deposit in the registry of the trial court; and (2) all costs in both suits be ordered paid by the sublessees. The sublessees have not appealed from either judgment nor have they answered either appeal taken by the sublessor.
The records reveal that in the trial court the sublessees did not seek a return of the rental payments now in dispute and the sublessees enjoyed peaceful possession of the leased premises during the entire period for which those payments were made. The records also reveal the sublessor did commit some trespasses which disturbed the sublessees in their peaceful possession of the leased premises; but such disturbances occurred prior to institution of the sublessor's suit for eviction.
Imprimis, we note that we are without authority to alter or change in favor of the sublessees the trial court judgment which dismisses their claim for damages in the suit instituted by them. An appellate court cannot modify, revise or reverse a judgment, or part of a judgment, in favor of a party who has neither appealed nor complained by way of an answer to an appeal. LSA-C.C.P. Art. 2133; Herman v. Jambois, La.App., 205 So.2d 63; Thibodaux v. Potomac Insurance Company, La.App., 201 So.2d 159; Succession of Jones, La. *70 App., 193 So.2d 352; Areaux v. Maenza, La.App., 188 So.2d 633; Pierce v. Hartford Accident & Indemnity Co., La.App., 184 So. 2d 241; Kinchen v. Taulli, La.App., 171 So. 2d 277.
The settled law of Louisiana is that vindictive, punitive or exemplary damages are not allowed in civil cases unless specifically provided for; in the absence of such a specific provision only compensatory damages may be recovered. Terry v. Butler, 240 La. 398, 123 So.2d 865; Spearman v. Toye Bros. Auto & Taxicab Co., 164 La. 677, 114 So. 591; Janssen Catering Co. v. Abadie, 157 La. 357, 102 So. 428; Trenchard v. Central Laundry Co., 154 La. 1003, 98 So. 558; Dunson v. Baker, 144 La. 167, 80 So. 238; Vincent v. Morgan's Louisiana & T. R. & S. S. Co., 140 La. 1027, 74 So. 541; Fitzpatrick v. Daily States Pub. Co., 48 La.Ann. 1116, 20 So. 173; Universal C. I. T. Credit Corp. v. Jones, La.App., 47 So.2d 359; LeBleu v. Vacuum Oil Co., 15 La.App. 689, 132 So. 233 and 776.
Here, even without considering the effect of the sublessees' failure to seek a return of the rent in dispute at any time prior to the appeals, in view of the fact that they occupied the leased premises during the entire period for which payments of rent were placed on deposit with the clerk of court, and of the fact that the trial court refused to award compensatory damages for the sublessor's trespasses, which refusal is now final, it is apparent that the award to the sublessees of the rent on deposit could only have been made as punitive or exemplary damages. As no law specifically providing for such damages under the facts here involved has been called to our attention, and as we know of none, such damages are not allowed by our law and those portions of the judgments which made the award must be reversed.
We find no merit in appellant's second contention, that those portions of the judgments which impose costs are erroneous. Controlling in this instance is LSA-C.C.P. Art. 1920 which, in referring to the trial court, provides, inter alia: "Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable."
The sublessor's acts of trespass which disturbed the sublessees' peaceful possession of the leased premises made it necessary for the latter to file the instant suit for injunctive relief and damages. It is clear that, at least in the trial court's opinion and we cannot say such an opinion was incorrect, the sublessees would have obtained both the injunctive relief and damages they sought had the sublease not been declared null in the later filed converted eviction suit and had they established the amount of such damages with sufficient certainty. Under these circumstances the judgment condemning the sublessor to pay all costs in that case was equitable and within the discretion given the trial court in assessing costs by LSA-C.C.P. Art. 1920.
Similarly, the portion of the judgment in the converted suit to annul which orders that the costs be borne equally by the sublessor and the sublessees also appears to be equitable. The sole ground for annulling the sublease was the fact that it contained a potestative condition and that condition formed a part of the contract simply because both the sublessor and the sublessees had agreed that it would. Both were equally at fault.
For the reasons assigned, that part of the judgment appealed from which orders the clerk of court to return to plaintiffs-appellees all rental payments made by them and on deposit in the registry of court is annulled, avoided and set aside. In all other respects the judgment appealed from is affirmed. Costs of this appeal are to be paid by the plaintiffs-appellees.
Annulled in part; affirmed in part.