303 So.2d 888 (1974)
Richard K. ROCHE, Plaintiff-Appellant,
v.
AETNA CASUALTY & SURETY CO. et al., Defendants-Appellees.
No. 9995.
Court of Appeal of Louisiana, First Circuit.
November 12, 1974.
Rehearing Denied December 16, 1974.
Writ Refused January 31, 1975.
*889 Arthur Cobb, Baton Rouge, for plaintiff-appellant.
Emile C. Rolfs, III, Baton Rouge, for City of Baton Rouge and Insuror.
Charles W. Wilson, III, and David W. Robinson, Baton Rouge, for Baton Rouge Savings & Loan.
Before SARTAIN, ELLIS and de la HOUSSAYE, JJ.
SARTAIN, Judge.
This action was instituted by plaintiff, Richard K. Roche, against defendants, Baton Rouge Savings & Loan Association, the City of Baton Rouge, and their respective insurers, for false arrest and defamation. The trial judge ruled in favor of the defendants, from which judgment plaintiff has perfected this appeal.
The facts prompting this dispute show that on March 17, 1972 the Perkins Road branch of Baton Rouge Savings & Loan was victim of an armed robbery. The only witness to the incident was an employee of the savings and loan, Mrs. Gwynn Stephens. She told the police the robber was wearing a hooded sweatshirt which covered his hair and was also wearing sunglasses which concealed the upper portion of his face. Thus, she could only describe the man's approximate height, build, and walk, which she said was peculiar. The police noted this description, and asked Mrs. Stephens to notify them if she saw anyone who resembled the man.
On March 22, 1972, Mrs. Stephens observed a man entering a grocery store adjacent to the savings and loan who was wearing sunglasses. She noted further that the man had a peculiar walk and was similar in height and build to that of the armed robber. She contacted a police unit in the area and informed them of her observation.
The police officers waited until the suspect finished purchasing his groceries and approached him for questioning. The suspect informed them that he was Richard Roche, plaintiff herein. He had no identification of his person other than a fishing license and a social security card. After further questioning, plaintiff agreed to go downtown to talk with detectives, whereupon he was handcuffed, placed in the back seat of a patrol car, and taken to headquarters. Mrs. Stephens was then taken downtown to view the suspect. When confronted with the plaintiff, she told the police she could not identify him as the armed robber. At this point plaintiff was released and taken by the police back to his residence. He was neither booked nor photographed while at police headquarters.
Several months later, a similar robbery occurred in Baton Rouge. Authorities from the F.B.I. visited the plaintiff, questioned him about his recent whereabouts, and left. The plaintiff's innocence of the robberies was subsequently confirmed when another man was implicated in both robberies.
*890 Plaintiff now seeks damages on a theory of false arrest coupled with defamation. For the reasons assigned below we affirm the trial court's ruling in favor of all defendants.
In the case of Dearmond v. St. Amant, 40 La.Ann. 374, 4 So. 72, the Louisiana Supreme Court, when presented with a claim of defamation coupled with malicious prosecution, stated:
"... The defamation of character alleged consists in merely making public statements that plaintiff was guilty of the crime for which he was arrested and prosecuted upon the affidavit of defendant. Manifestly the slander is merged in the prosecution, and, if the prosecution is not actionable, neither is the slander."
We feel the principle stated above is also applicable here where the action is based on false arrest. Therefore, if the arrest itself is not actionable, neither is a charge of defamation claimed to have arisen from that arrest.
In an action against officers for false arrest, the Louisiana Supreme Court stated in Barfield v. Marron, 222 La. 210, 62 So.2d 276, 280:
"... where a citizen is arrested on reasonable suspicion of a felony, the officer may detain the party until inquiry may be made, and damages will not be allowed where the prosecuting officer acted in good faith and with probable cause." See also Dunson v. Baker, 144 La. 167, 80 So. 238; Hughes v. Standidge, 219 So.2d 6 (La.App.4th, 1969).
Likewise, if one makes an identification honestly and without malice, the courts have not been willing to award damages when it is subsequently discovered that a mistaken identification has been made. In Tillman v. Holsum Bakeries, Inc., 244 So.2d 681, 682 (La.App.4th, 1971 writ refused) the court noted:
"To hold one liable in damages because he honestly made an identification of an alleged criminal although later doubt enters his mind, would be to invite such a one in the future to conceal his doubt and lie, and thus perhaps send the suspect to the penitentiary and infamy through perjury to save one's self from liability."
In the present case, the honesty with which Mrs. Stephens made the identification is not questioned. Further, we do not find that her actions were so reckless as to constitute malice.[1] She did as the police instructed her to do, she notified them upon observing a man whose description reasonably fit that of the one who robbed her.
With regard to the action taken by the police, the issue becomes one of probable cause. Probable cause in cases dealing with malicious prosecution has been defined by the court in Sandoz v. Veazie, 106 La. 202, 30 So. 767, 772 (1901):
"Probable cause means the existence of such facts and circumstance as would excite the belief in a reasonable mind that the plaintiff was guilty of the offense for which he was prosecuted. Rumors are not, but representations of others are, foundation for such belief."
Again, we feel this to be applicable in a case of false arrest. Further, we feel the actions of the police based on the information furnished them by Mrs. Stephens were not without probable cause.
We find no manifest error in the trial judge's determination of the reasonableness with which both defendants acted under the circumstances here presented.
Accordingly, for these reasons, the decision of the trial court is affirmed with all costs of these proceedings taxed to plaintiff.
Affirmed.
NOTES
[1] Rougeau v. Firestone Tire & Rubber Co., 274 So.2d 454 (La.App.3rd, 1973).