## BLICKHAN v. AMERICAN BREWING CO. et al.

### No. 1677.

Court of Appeal of Louisiana. First Circuit.

Jan. 12, 1937.

A. Sidney Burns, of Lake Charles, for appellant.

McCoy, King & Jones, of Lake Charles, for appellee.

OTT, Judge.

This is a suit for malicious prosecution in which plaintiff seeks damages against the defendants, in solido, in the sum of $300. The case comes to us on appeal by plaintiff from a judgment rejecting plaintiff's demand as to the American Brewing Company. There was a judgment against Borel in favor of plaintiff for the amount sued for. Borel has not appealed and, therefore, the judgment is before us only in so far as it rejected plaintiff's demand against the brewing company.

Plaintiff bases his claim for malicious prosecution on an affidavit signed by the defendant Borel before the city judge of Lake Charles on June 18, 1935, wherein said Borel charged plaintiff with having received money by false pretense in the sum of $14.50 by issuing a check, dated May 9, 1935, on the Lake Charles Bank & Trust Company, made to the order of the American Brewing Company, and given to said Borel, without having any account in said bank.

A warrant issued on said affidavit and was placed in the hands of the sheriff for execution. On June 24, 1935, the sheriff sent one of his deputies for plaintiff, but on a request being made by plaintiff to be given a chance to make bond, the deputy instructed the plaintiff to be at his office that afternoon to make bond. Plaintiff secured an attorney, through whose efforts bond was made late the same day, without plaintiff actually having been incarcerated, but having been placed in the custody of the attorney until the bond could be made. The following day the district attorney, after investigating the case, entered a nol. pros. of the affidavit on the minutes of the district court.

It is claimed by plaintiff that Borel made the affidavit against him with malicious intent and with the purpose of intimidating and coercing him into paying the amount of the check; that when Borel made said affidavit for the purposes stated, he was acting within the scope of his authority as agent of the said American Brewing Company and in furtherance of his duties in connection with his employment.

Borel was the agent or representative of the American Brewing Company in Lake Charles and surrounding territory for the sale of its beer products. He was authorized by this company to sell and deliver beer and was required to sell for cash and deposit the amount of the sales in a bank in Lake Charles to the credit of the brewing company and render regular reports of his sales to the company. Borel had no authority to sell beer on credit to his customers, and if he did so, he assumed the risk himself. Borel was authorized and instructed, however, to indorse all checks made payable to the brewing company given him by customers for the sale of beer, and in order that the amount of the check might be deposited in bank to the credit of the company. Of course, Borel had no authority to draw on the account deposited in the name of the brewing company as stated above.

Plaintiff had purchased from Borel on April 23, 1935, some ten cases of beer which amounted to $22, for which plaintiff gave Borel a check on a local bank. This check was not paid for the reason that there were not sufficient funds in the bank. About May 7th, following, Borel took up some empty cases from plaintiff and gave him credit for $7.50, whereupon plaintiff gave Borel this check for $14.50 to cover the difference in the old check which latter check was taken up at that time. This $14.50 check was a postdated check, and Borel knew this fact and accepted the check on these terms in order to give plaintiff an opportunity to collect some bills which he claimed were then due him.

This check was not paid and plaintiff went out of business. After making some effort to collect the check from plaintiff, Borel made out the affidavit on which the warrant issued and which forms the basis of this suit. According to the testimony of Borel, and he is not contradicted on this point, he paid the brewing company for the beer which had been sold to plaintiff, and the brewing company knew nothing of this postdated check or the fact that it had not been paid. Borel signed the affidavit in his individual capacity and, so far as the record shows, the brewing company knew nothing of the affidavit made by Borel against plaintiff. The brewing company contends, under this state of facts, that it is not

liable for the acts of Borel, if Borel acted illegally in making the charge against plaintiff; that in doing so, he was acting beyond the scope of his authority.

As a general rule the master is liable for an unlawful arrest or malicious prosecution caused by a servant when acting within the scope of his authority and in the supposed furtherance of the master's business, or in protecting the master's property in line with a duty imposed upon him to do so. It is only such officers of a corporation as have general management of its affairs that have the implied power to institute civil and criminal actions. For a subordinate officer to have such powers there must be placed on such subordinate officer a duty to protect the property of the corporation, or his authority must be such that, in the ordinary and usual discharge of the duties involving on him, it might be reasonably implied that the corporation has given him such power. Vara v. Quigley Const. Company, 114 La. 261, 38 So. 162.

In this case it is obvious that the brewing company had no interest in collecting this postdated check which plaintiff had given Borel. Both plaintiff and Borel knew that the sale of the beer was supposed to be a cash transaction, and the mere fact that Borel undertook to accommodate plaintiff by giving him a chance to pay the amount after the beer had been sold and delivered, was purely a private matter with Borel. So when Borel made out this affidavit against plaintiff he was acting, not in furtherance of his master's business, but in order to collect an amount which plaintiff owed him. It is not to be presumed that the brewing company, which had already received the amount for which the beer was sold, would have any interest in coercing plaintiff to pay this postdated check which Borel had accepted of his own volition and at his own risk. If the brewing company had authorized Borel to sell beer on credit and had invested him with power to collect these accounts, there might be some basis for holding the company for the illegal acts of Borel in attempting to make the collection for and in behalf of his principal.

This principle of law is illustrated in a case which arose out of somewhat similar facts as are presented in this case and against the same company. We refer to the case of McDermott v. American Brewing Company, 105 La. 124, 29 So. 498, 52 L.R.A. 684, 83 Am.St.Rep. 225. The syllabus of the cited case reflects the facts as well as the law applicable thereto, and as the principle involved is very similar to the question involved in this case, we take the liberty of quoting the syllabus in full:

"Plaintiff seeks to hold defendant liable in damages for a violent assault and battery suffered by him at the hands of its (defendant's) employee, who was a driver of defendant's wagon, and who sold and distributed the product of its factory to its customers. Plaintiff's employer was one of defendant's cash customers, to whom the driver was to deliver beer for cash. The driver delivered beer to him, and did not require the cash. The day after the sale he called for the price, and, as it was not paid, he sought to take matters in his own hands, and resorted to violence. The agreement between the driver of the wagon and the defendant was that cash would be required and brought back to the factory for the beer in his charge for sale, and, if he failed to return either the cash or the beer, he would be made to pay his employer by deducting the price from his salary. By the effect of the agreement under which the driver was employed, in collecting the cash at a different time and in a different manner than he was instructed to do, the employer was not made liable for the violent assault. If a servant goes outside of his employment, acting with malice, and causing damage, the master is not liable."

Under the facts in the case, we do not find that the defendant the American Brewing Company can be held liable for the acts of Borel in causing the arrest of plaintiff.

For the reasons assigned, the judgment appealed from is hereby affirmed.