351 So.2d 1318 (1977)
Allimire MIRHOSSEINY
v.
BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY and Agricultural and Mechanical College et al.
No. 11530.
Court of Appeal of Louisiana, First Circuit.
October 24, 1977.
Rehearing Denied November 21, 1977.
*1319 A. Clay Pierce, Jr., Baton Rouge, for plaintiff-appellant, Allimire Mirhosseiny.
W. Shelby McKenzie, Baton Rouge, for defendant-appellee The Board of Supervisors of Louisiana State University.
Donald T. W. Phelps, Baton Rouge, for defendant-appellee Mrs. Grace K. Cooney and St. Paul Fire and Marine Ins. Co.
Aubrey L. Moore, Baton Rouge, for defendant-appellee American Home Products Corp.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
CHIASSON, Judge.
This is a devolutive appeal by Allimire Mirhosseiny, plaintiff-appellant, of a judgment rejecting his claim for tort damages against the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (Board of Supervisors), Mrs. Grace K. Cooney, St. Paul Fire and Marine Insurance Company, and American Home Products Corporation, defendants-appellees, resulting from an intramuscular injection he received in the right buttock at the Louisiana University Student Infirmary on November 1, 1973. Plaintiff, a 23 year old foreign student, was enrolled at Louisiana State University. The injection was the third in a series of monthly injections of Bicillin L-A (a long-lasting antibiotic drug) prescribed by his Iranian physician and administered by Mrs. Grace K. Cooney, a nurse at the facility. Soon after the injection the plaintiff returned to the infirmary with intense pain in his right leg. He was treated immediately, but required hospitalization at the infirmary for several weeks. There, he was treated by Doctors Addis and Luikart and later he was seen by Doctors Levert and Kline both of whom are neurologists.
The defendants have not taken an appeal nor have they filed an answer to plaintiff's appeal.
At trial there was no dispute between the parties that plaintiff's disability resulted *1320 from the hypodermic injection, nor was there any dispute that the bicillin was an irritant to the sciatic nerve.
Appellant's first argument is that the doctrine of res ipsa loquitur should have been applied by the Trial Court under the circumstances of this case.
It is well established in the Louisiana jurisprudence that the maxim, res ipsa loquitur, is properly applied when the accident is of a kind that does not ordinarily occur in the absence of negligence; the injury was caused by an agency or instrumentality within the control of the defendant; and evidence as to the cause of the accident is more readily available to the defendant.
". . . the maxim means only that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that the rule rests for its justification upon the common experience that accidents from such causes do not commonly occur in the absence of negligence; and that it is the lack of direct evidence indicating negligence on the part of the defendant as the responsible human cause of a particular accident which actually furnishes the occasion and necessity for invoking the rule in its strict and distinctive sense. . . . All that is meant by res ipsa loquitur is `that the circumstances involved in or connected with an accident are of such an unusual character as to justify, in the absence of other evidence bearing on the subject, the inference that the accident was due to the negligence of the one having control of the thing which caused the injury. This inference is not drawn merely because the thing speaks for itself, but because all of the circumstances surrounding the accident are of such a character that, unless an explanation can be given, the only fair and reasonable conclusion is that the accident was due to some omission of the defendant's duty.'" Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389, 391 (1957). Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972).
From the medical expert testimony in the record it appears that the type of injury suffered by plaintiff in this case could have been caused by injecting bicillin directly into the sciatic nerve or by injecting the bicillin around or on the sciatic nerve, both of which would involve a deviation from the standard of care in such cases. A third possibility assumes an injection conforming with the standard of care and having the bicillin "filter" to the sciatic nerve thus causing the injury.
The standard of care in the Baton Rouge community applicable to "shot nurses" for buttock injections is that the injection be given in the upper outside quadrant and at a ninety degree angle to the surface of the skin.
There was also direct evidence introduced as to the location of the point of injection and as to the angle of penetration.
From the foregoing, it is apparent that the Trial Judge had sufficient direct evidence presented to preclude the application of res ipsa loquitur in this case. Larkin v. State Farm Mutual Automobile Ins. Co., supra. Further, there was testimony by the medical experts that, though infrequent, this type of injury can occur even in the absence of any negligence.
Plaintiff's last specification of error is that the Trial Court erred in rendering judgment in favor of all defendants. In its reasons for judgment the Trial Judge found:
"The plaintiff was a very frail, thin, emaciated individual. It was shown that a person of his build and physique is more prone to suffer this type injury than a well nourished supple individual. It was more or less agreed between the medical experts that there was no direct hit of the sciatic nerve, but that undoubtedly the medicine (bicillin) infiltrated through the muscle planes and enveloped or at least reached the nerve and caused the resulting injury and disability. Had the nerve been hit, a direct blow by the needle, the fact would have been instantly reported by plaintiff. *1321 "* * * In view of the plaintiff's physique, the testimony of Doctors Addis, Kline and Luikart as to what more likely occurred that (sic) not, the positive finding of Dr. Addis and the testimony of Mrs. Cooney, this court find (sic) that the plaintiff has not sustained his burden of proof that Mrs. Cooney was negligent in the administration of the bicillin, or that she violated the two-fold standard of care."
In a deposition taken of Dr. David G. Kline, a neurosurgeon, he stated that, particularly with the sciatic nerve, some patients who fit the description of plaintiff's physique may experience a delayed onset of this difficulty due to the medication being deposited in an anatomical plane leading to the nerve allowing it to bathe the nerve over a period of time extending from minutes to hours. That evidence was supported by Dr. C. Bryan Luikart, Jr. who stated in his deposition that filtration to the nerve is possible even at a distance from the point of injection. Even plaintiff's expert neurologist, Dr. Sam L. Levert, Jr., testified that the filtration idea was logical and that it is a theory only in that no one has ever actually seen it occur, and that its reasonableness is supported by the many instances in which persons feel no pain until the passage of one, five or ten minutes or as much as an hour or longer after the administration of an injection.
There was testimony by Dr. Barrelle N. Addis that the site of the injection was located in the upper outside quadrant of the buttock. Mrs. Cooney also testified that she administered the injection in the upper outside quadrant at a ninety degree angle which testimony was accepted by the Trial Judge.
We find that the record amply supports the conclusions and the judgment of the Trial Court.
The evidence in the record establishes that there was nothing wrong with the bicillin and the judgment in favor of American Home Products Corporation, manufacturer of the bicillin, is correct.
For these reasons, the judgment of the Trial Court is affirmed.
AFFIRMED.