378 So.2d 172 (1979)
Earl W. EWEN et ux.
v.
BATON ROUGE GENERAL HOSPITAL et al.
No. 12826.
Court of Appeal of Louisiana, First Circuit.
November 12, 1979.
*173 DeWitt T. Methvin, Jr., Alonza P. Wilson, Alexandria, for plaintiffs-appellants, Earl A. Ewen and Judith Ewen.
David W. Robinson, George K. Anding, Jr., Baton Rouge, for defendant-appellee, Baton Rouge General Hospital.
Donald T. W. Phelps, Baton Rouge, Lloyd W. Hayes, New Orleans, for defendants-appellees, B. Eugene Berry, Page W. Acree, St. Paul Fire & Marine Ins. Co., Dr. Page W. Acree, Dr. David John Davis & Dr. Buford Eugene Berry.
F. W. Middleton, Jr., John Michael Parker, Baton Rouge, for defendants-appellees, Dr. Wm. P. Hackney, Hartford Fire Ins. Co. and Jacqueline Jenkins.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
This is a medical malpractice action brought by the plaintiffs-appellants, Earl and Judith Ewen, to recover damages for the death of their son, Eric Ewen, following an elective surgical operation performed on July 17, 1975. The defendants are Baton Rouge General Hospital, where the surgery was performed; B. Eugene Berry, a cardiovascular and thoracic surgeon who was to perform cosmetic surgery on the decedent; Dr. Page W. Acree, Dr. David John Davis and Dr. Buford Eugene Berry, a professional medical corporation by whom Dr. Berry was employed; St. Paul Fire and Marine Insurance Company, the professional liability insurer of Dr. Berry; Dr. William P. Hackney, anesthesiologist, under whose supervision the anesthetist was working; Page W. Acree, cardiovascular and thoracic surgeon assisting Dr. Berry; Mrs. Jacqueline Jenkins, nurse anesthetist, who administered the anesthetic; and Hartford Fire Insurance Company, the professional liability insurer of Dr. William P. Hackney and Mrs. Jacqueline Jenkins.
The Baton Rouge General Hospital was dismissed from the case on its motion for a directed verdict filed at the close of plaintiffs' case. After completion of the trial, the jury returned verdicts favorable to all of the remaining defendants.
Plaintiffs appeal the judgment dismissing their case.
The appellants contend that the trial jury erred: (1) in failing to apply the doctrine of res ipsa loquitur to the facts of this case; and (2) in finding that the defendants had carried the burden of proving that the injuries sustained did not result from negligence on their part.
The appellants further contend that the trial judge erred: (1) in giving defendants requested instructions regarding the general rules of burden of proof in medical malpractice cases rather than to restrict the *174 instructions to the burden of proof where the doctrine of res ipsa loquitur is applicable; and (2) in granting a motion for directed verdict in favor of Baton Rouge General Hospital at the close of plaintiffs' evidence.
On July 17, 1975, Eric Ewen was scheduled for a relatively simple cosmetic surgery to correct a pectus excavatum (or sunken chest). Eric was eleven years old at the time and, except for the sunken chest condition, was in good health. At the commencement of the operation, he developed a heart block at about the time actual surgery began. All of the usual drugs and closed chest massage failed to get any response and finally open heart massage was used to restore the heartbeat. Despite these efforts, Eric sustained severe brain damage from anoxia and expired on July 20, 1975.
The evidence conclusively establishes that there was no delay in the initiation of resuscitative efforts. The anesthetist's chart, which was the sole basis for the opinion of plaintiffs' medical expert, was conclusively shown to be not representative of anything more than the sequence in which the events occurred on July 17, 1975, and that the times listed therein were inaccurate.
As to appellants' two specifications of error by the trial jury and the first specification of error as to the trial judge, all deal with the application of the doctrine of res ipsa loquitur to the facts of this case. The jurisprudence is quite clear that res ipsa loquitur is a rule for circumstantial evidence, the applicability of which is normally determined at the conclusion of the trial. The rule applies only in those cases where (1) the accident or injury normally does not occur in the absence of negligence; (2) there exists an absence of direct evidence to explain the activities leading to the injury; and (3) the accident or injury was caused by an agency or instrumentality within the actual or constructive control of the defendant. If the rule applies, then the burden of proof is shifted from plaintiff to defendant, and the defendant must come forward and exculpate himself from negligence. Mirhosseiny v. Bd. of Sup'rs of La. S. Univ., 351 So.2d 1318 (La.App. 1st Cir. 1977), writ denied, La., 353 So.2d 1339. The medical testimony in this record establishes that cardiac arrest can occur at any time, under any circumstances, in otherwise healthy persons and under the care of the most experienced and skillful physicians. The testimony of the expert witnesses clearly establishes that the causes for cardiac arrest during surgery can be varied and that, when an arrest does occur, it does not indicate that someone was at fault or negligent. Further, it is expected that in a certain number of cases where cardiac arrest occurs, the patient will suffer irreversible brain damage despite resuscitative efforts and under the best professional care. On this point, the testimony herein is the same as we found in the case of McAdams v. Holden, 349 So.2d 900 (La.App. 1st Cir. 1977), writ refused 351 So.2d 176 (La.1977).
We do not know whether the trial jury applied the doctrine of res ipsa loquitur or whether, assuming they did apply the rule, they thereafter found that defendants had carried their burden of proving the defendants were not negligent.
A careful review of all of the testimony in this case convinces us that the doctrine of res ipsa loquitur is not applicable to the facts of this case. Specifically, plaintiffs have not shown that the injury does not normally occur in the absence of negligence or that there exists an absence of direct evidence to explain the activities leading to the injury. The trial jury, therefore, did not err in failing to apply the doctrine of res ipsa loquitur in this case and the trial judge did not err in instructing the jury as to the general rules of burden of proof in medical malpractice cases rather than to restrict the instructions to the burden of proof where the doctrine of res ipsa loquitur is applicable. Further, we find no error on the part of the trial jury in its finding that defendants are not liable to plaintiffs herein.
As to the dismissal of plaintiffs' suit against Baton Rouge General Hospital on a motion for directed verdict, plaintiffs admit in brief that they did not introduce any *175 evidence whatsoever concerning the culpability of the Baton Rouge General Hospital. Therefore, the trial judge did not abuse his discretion in granting the directed verdict. La.C.C.P. art. 1810.
For these reasons, the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.