421 So.2d 318 (1982)
Marjorie Delatte RICHE
v.
JUBAN LUMBER COMPANY, INC.
No. 15050.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
Walton Barnes, II, Zachary, for plaintiff-appellee, Marjorie Delatte Riche.
Randall J. Cashio, Baton Rouge, for defendant-appellant, Juban Lumber Co., Inc.
Before COVINGTON, LEAR and LANIER, JJ.
LEAR, Judge.
This suit arises from a building contract under which Marjorie Delatte Riche (Riche), plaintiff-appellee, contracted with Juban Lumber Company, Inc. (Juban), defendant-appellant, to construct a residence on property owned by Riche. On the basis of Juban's alleged failure to complete construction *319 on time and alleged defects in the construction of the residence Riche sued Juban for breach of the building contract. Juban denied Riche's claims and reconvened for the balance due on the contract. Additionally, Riche cumulated an action for tortious conversion of her funds, which was based on her allegation that employees of Juban had forged her signature to certain authorizations and had thereby improperly received funds from her lender. After a jury trial on these cumulated actions, judgment was awarded in favor of Riche on the breach of contract action in the amount of $30,800.00 and on the tortious conversion action in the amount of $11,136.00. Thereafter, defendant filed a motion for remittitur or in the alternative a new trial on both cumulated actions. The trial court denied the motion as it related to the breach of contract action, but a remittitur was ordered reducing the judgment on the tortious conversion action in the sum of $5,000.00. This remittitur was accepted by plaintiff. Defendant has appealed the judgment only as it relates to the breach of contract action. In an answer to the appeal, Riche seeks to have the original judgment on the tortious conversion reinstated and the amount of damages on the breach of contract action increased.
Juban's first two specifications of error concern the trial court's instructions and interrogatories to the jury. Juban claims that the trial court failed to properly instruct the jury, and that such failure requires a reversal of the jury verdict. Juban also claims that the interrogatories directed to the jury were prejudicial and precluded consideration of its reconventional demand.
In its third specification of error, Juban contends that the verdict is contrary to the law and evidence, and seeks review of the merits of this case.
Even were we to agree with Juban concerning its first two specifications of error, we would then be required to render a decision on the merits. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975); Keys v. Sambo's Restaurant, Inc., 389 So.2d 1360 (La.App. 3rd Cir.1980), affirmed, 398 So.2d 1083 (La.1981). Thus, based on our review of the merits of this entire record, and our decision herein, we find it unnecessary to address Juban's specifications of error numbers 1 and 2.
Riche offered a number of expert witnesses in support of her claim. The first of these witnesses, Mr. Sal Broes, who had been in the home and commercial construction business for approximately forty years, testified that he had inspected the Riche house approximately five times and spent a total of between six and seven hours there. He testified that the roof was improperly and inadequately braced, which has caused the rafters to sag. He also stated that, in its present condition, strong winds could possibly cause the roof to collapse. He also testified that the slab, upon which the house is built, is not level and is uneven in a number of spots, and that a number of the walls have distinct bows in them. Mr. Broes testified that, in order to repair the walls, the roof would have to be jacked up and supported and the walls torn out and reinstalled. He also found numerous minor defects in the house, such as the fact that the garage is not big enough for the car, the brick walls are wavy and curvy, the kitchen cabinets are sagging and pulling the ceiling down, and a number of the doors are improperly hung. Mr. Broes concluded that it would be more costly to attempt to repair these major and minor defects than to rebuild the house. Riche also called Hurbert Maxwell, a remodeling contractor with twenty years experience, and Donald Grant, who has been a licensed architect for eleven years. Both Mr. Maxwell and Mr. Grant inspected the Riche house and testified that they found the same major and minor defects that Mr. Broes testified to. Mr. Maxwell stated that, if he were asked to undertake this remodeling job, he would begin with a bulldozer. Mr. Leroy Cobb, a real estate appraiser for thirty-six years, also testified for Riche. He stated that he would not list the Riche house, and that no really prudent and sensible person would buy this house, because of the numerous major and minor defects.
*320 Juban also called expert witnesses. One of these witnesses, Mr. William Brockway, an architect, while disagreeing with some of Riche's witnesses as to the cost of repair, admitted that a number of braces for the rafters were missing and that the slab was not level. He also corroborated Riche's expert witnesses as to the existence of the other defects in the house.
Substantial performance exists when the construction may be used for the purpose intended regardless of defects or omissions. Thus, it is a question of fact which considers the extent of the defect or non-performance, the degree to which the purpose of the contract is defeated, the ease of correction, and the use or benefit to the owner of the work performed. Ducote v. Arnold, 416 So.2d 180 (La.App. 4th Cir. 1982). Because of the major defects in the Riche home, we find that Juban breached its contract with Riche and that there has been no substantial performance by the contractor. A review of this entire record convinces us that Riche has clearly proven her case by a preponderance of the evidence. We further find that the amount awarded in the breach of contract action is reasonable and will adequately compensate Riche in attempting to repair this house.
Juban next contends that the award in the breach of contract action actually contained ten thousand dollars as attorney fees. Juban filed a motion for a new trial on this basis and attempted to submit evidence from jury members to support its contention. Juban assigns error to the trial court's refusal to admit such evidence.
It is well established that testimony of jurors to impeach their own verdict on grounds of misconduct or improper application of the court's instructions is inadmissible to set aside a jury verdict. McAdams v. Holden, 349 So.2d 900 (La.App. 1st Cir.), writ denied, 351 So.2d 176 (La.1977); Dieudonne v. Guidry, 336 So.2d 990 (La. App. 3rd Cir.), writ denied 339 So.2d 853 (La.1976); Renz v. Texas & Pacific Railway Company, 138 So.2d 114 (La.App. 3rd Cir. 1962). Thus, we find no error in the trial court's refusal to admit the testimony offered by Juban to impeach the jury's verdict.
Juban's last specification of error concerns the trial court's refusal to grant a severance of the cumulated actions. Juban contends that the jury could not be impartial as to its defense of the breach of contract action because of the evidence it received relative to the tortious conversion.
While it is not necessary for us to express an opinion on the character of the award made for the tortious conversion action, because that judgment is not being appealed by Juban and has, in fact, been reduced by the trial court, we find, for the reasons stated above, that the jury's award in the breach of contract action was not excessive and did not result from prejudice.
For the foregoing reasons, the judgment appealed from is hereby affirmed. The relief sought by Riche in her answer to the appeal is hereby denied. Costs on appeal are to be paid by defendant-appellant, Juban Lumber Company, Inc.
AFFIRMED.